**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA L. ANDERSON, | No. 11-35422 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05004-RBL |
| v. | |
| CITY OF BAINBRIDGE ISLAND, a municipal corporation; JAMES MARK DUNCAN, in his capacity as a police officer for the City of Bainbridge Island and as an individual; SUSAN J. SHULTZ, in her capacity as a police officer for the City of Bainbridge Island and as an individual; BAINBRIDGE ISLAND POLICE DEPARTMENT, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted August 9, 2012
Seattle, Washington

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: BLACK**, GRABER, and RAWLINSON, Circuit Judges.

Cynthia L. Anderson appeals the district court's grant of summary judgment in favor of Defendants City of Bainbridge Island, Officer James Mark Duncan, Officer Susan J. Shultz, and Bainbridge Island Police Department. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court.

The district court did not err in finding that Officer Duncan had probable cause to take Anderson into custody for an involuntary mental health assessment. Although the district court improperly relied on disputed statements and events that occurred after Anderson was taken into custody, we review de novo and affirm the district court's conclusion. See Video Software Dealers Ass'n v. Schwarzenegger, 556 F.3d 950, 956 (9th Cir. 2009). The undisputed facts in the record, viewed in the light most favorable to Anderson, show that at the time Anderson was taken into custody, Officer Duncan had probable cause to believe Anderson suffered

---

** The Honorable Susan H. Black, United States Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

2

from a mental disorder and presented an imminent likelihood of serious harm.[1]

See Luchtel v. Hagemann, 623 F.3d 975, 979 (9th Cir. 2010).

The district court did not err in granting summary judgment on Anderson's substantive due process claim. There is no legal basis for Anderson's argument that Defendants unconstitutionally interfered with her marriage by investigating the circumstances of the domestic disturbances involving her family.

We decline to remand Anderson's claims for intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Although the district court failed to address the claims specifically, the reasoning of the summary judgment order and the entry of final judgment on all claims demonstrate that the district court effectively decided the negligence and emotional distress claims as a matter of law.[2] Moreover, upon de novo review, we find no reason that Defendants should be denied summary judgment on the claims and thus

[1] We note that we may rely on the deposition testimonies of Scott and Cynthia Anderson in affirming summary judgment. The Andersons' subsequent declarations, while inconsistent with the depositions, do not create a genuine issue of material fact. See Radobenko v. Automated Equip. Corp., 520 F.2d 540, 544 (9th Cir. 1975); see also Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266–67 (9th Cir. 1991).

[2] The preferred practice, however, is for the district court to address the merits of each claim specifically.

affirm the district court.  See <u>Corales v. Bennett</u>, 567 F.3d 554, 562 (9th Cir. 2009).

**AFFIRMED.**